[Civ. No. 35732.  Second Dist., Div. Four.  June 23, 1970.]

GEORGE J. KOBELIN, Plaintiff and Respondent, v.
BOARD OF RETIREMENT OF THE SAN DIEGO
COUNTY EMPLOYEES RETIREMENT ASSOCIATION,
Defendant and Appellant.

## COUNSEL

Bertram McLees, Jr., County Counsel, and Joseph Kase, Jr., Deputy County Counsel, for Defendant and Appellant.

Higgs, Jennings, Fletcher & Mack and Joel C. Estes for Plaintiff and Respondent.

OPINION

IRWIN, J.*—The appellant, retirement board, appeals from a judgment rendered in favor of respondent, Kobelin, after submission of an agreed case to the trial court. (Code Civ. Proc., § 1138.)

The chronological calendar of events from the facts agreed upon are as follows:

| | |
|---|---|
| August 1, 1927 | Respondent was employed by the County of San Diego. |
| July 1, 1939 | San Diego County Employees Retirement System established[1] in San Diego County; respondent automatically became a member and began contributing. |
| June 30, 1946 | Respondent left active employment with the County of San Diego. |
| July 1, 1946 | Respondent was employed by the State of California and became a member of the State (now Public) Employees Retirement System on January 1, 1947, with service credit from July 1, 1946. |
| October 1, 1946 | Respondent withdrew his accumulated contributions from the San Diego County Employees Retirement System as authorized by section 31628[2] (then C.E.R.A. § 95). |
| November 8, 1967 | Effective date of section 31831.1 amendment (Stats. 1967, ch. 1383, p. 3243) authorizing redeposit of withdrawn contribution, so as to permit election to receive deferred compensation. |
| December 29, 1967 | Respondent elected deferred retirement and redeposited in the county retirement fund the amount of his former contributions plus interest as required by section 31831.1. |

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1] When the county retirement system was established, an actuarial survey was made to determine the amount of money necessary to fund the county's obligation for prior service pensions. In making this determination, the actuaries considered that a certain number of persons would not remain in county employment and assumed that leaving county employment would therefore terminate their membership before they became entitled to a prior service pension. The county relied upon this assumption in setting the contribution rate. On appeal the retirement system does not claim this should affect the result.

[2] All references are to the Government Code unless otherwise stated.

September 1, 1968    Respondent retired concurrently under both sys-tems.

The question posed by this case is whether under this set of facts the respondent is entitled to credit for prior service in computing his retirement benefits for that period of service to San Diego County between August 1, 1927 and June 30, 1939. Members of the San Diego County Employees Retirement System who received credit for prior service make no contributions to the retirement fund for such service credit, and respondent accordingly made no contributions to that system for any service rendered prior to July 1, 1939.

A brief outline of the statutory scheme is necessary to an understanding of the problem.

Section 31831.1 provides: "Any member who left county or district service, and became a member of a retirement system established under this chapter in another county or of the Public Employees' Retirement System, may elect deferred retirement pursuant to Article 9 of this chapter, provided that he redeposits, in the retirement fund of the county or district he left, the amount of any refund of contributions and interest he received from such retirement fund plus regular interest thereon from date of such separation, . . ."

The deferred retirement provisions of article 9[3] provide that a member may leave his accumulated contributions in the retirement system upon leaving county employment and later receive a pension when he would have been eligible for retirement had he remained in county service. The deferred retirement benefit is calculated in the same manner as the regular

---

[3]Article 9 includes these pertinent sections: Section 31700. "Any member, whether over or under the minimum age of voluntary service retirement, who leaves county service after completing five years of service or who leaves county service and within 90 days becomes a member of the Public Employees' Retirement System, or a retirement system established under this chapter in another county, may elect in writing, within 180 days after leaving county service, to leave his accumulated contributions in the retirement fund and be granted a deferred retirement allowance to become effective either:

"(a) Upon the option of the member, at any time at which he could have retired had he remained in county service in a full-time position, or

"(b) Not later than the first day of the month following that in which he attains the compulsory retirement age."

Section 31703. "Any member upon the effective date of his deferred retirement allowance is entitled to receive a retirement allowance as provided in Sections 31673 to 31677, inclusive, or Section 31808.5."

Section 31705. "The retirement allowance shall be calculated according to the provisions of this chapter as they exist at the time of the commencement of the retirement allowance."

retirement allowance.[4] This allowance includes the prior service pension which is governed by the "prior service with which he is entitled to be credited at retirement." (§ 31676.1.)

Section 31645 governs the crediting of prior service and provides: ". . . credit for prior service, whether *interrupted or not,* shall be granted to each person who has rendered such service as defined in or pursuant to this chapter, and who has become a member of the retirement system within one year after it becomes operative or at any time prior to October 1, 1953, whichever is the later, . . ."

The principal argument of the appellant is that the respondent, when he terminated employment and withdrew his contributions in 1946, lost all benefits he had at that time. Therefore, it argues, "He again 'becomes a member' on the date of re-entry into the system and that date of re-entry must be used to determine eligibility for prior service benefits." Since that date (1967) is subsequent to October 1, 1953, the appellant contends respondent does not qualify under section 31645 for prior service credit. We do not agree with this reasoning.

■ Respondent qualified as a person who "has become a member" of the county retirement system prior to October 1, 1953—he became a member in 1939. Thus, under the literal wording of section 31645 he qualifies for prior service credit. ■ There is no requirement that his membership in a particular retirement system be continuous for him to qualify for the prior service credit. In fact the Legislature abolished this requirement in 1959[5] and we do not elect to reimpose such additional requirement for eligibility. (See *Thurston* v. *County of Los Angeles* (1953) 117 Cal.App.2d 618, 622 [256 P.2d 588].) Having met all the requirements of section 31645, respondent is entitled to prior service credit.

The retirement board cites *Allan* v. *Board of Administration* (1942) 55 Cal.App.2d 815 [131 P.2d 604], as support for its position. In that case the court was called upon to interpret the following language appearing in a city charter provision relating to retirement allowances: "he may permit such accumulated contributions to remain in the fund, in which

---

[4]Section 31673. "Upon retirement for service a member is entitled to receive a retirement allowance which shall consist of:

"(a) His service retirement annuity.

"(b) His current service pension.

"(c) His prior service pension."

[5]Section 31646. "Prior service shall be credited as a basis for a retirement allowance or benefit only if the membership in the retirement system continues unbroken until retirement on a retirement allowance or until the granting of the benefit." (Repealed Stats, 1959, ch. 1184, § 5, p. 3267.)

event should he thereafter, and within three years from the date of his separation from the city service, re-enter such service and as a result of such re-entry again become a member in said retirement system, he shall be entitled to all benefits of this article. . . ." The question to be decided was whether the employee's membership lasted three years after he terminated employment. The court held that use of the word "again" plainly indicated that membership in the system terminates with termination of employment. The employee was only entitled to credit from the original date of entry if he re-entered in a qualified position prior to three years after his ceasing to be employed in city service. Otherwise he received credit from his subsequent re-entry into employment. Here, however, we have a completely different statutory scheme. ■ The Legislature in 31831.1 elected to restore respondent to the status he would have had, had he remained a county employee, with all benefits, where he left county employment and still remains a public service employee.

The retirement board also contends that section 31831.1 is invalid under the trial court's decision because it violates constitutional provisions that "all laws of a general nature shall have a uniform operation." It reasons, without citation of authority, that respondent would be put in a better position than a person leaving county service for private employment and then re-entering, because a person redepositing under section 31652 would only be eligible for prior service credit if he qualified under section 31645. This argument is without merit. Both classes of people must qualify under section 31645 to receive prior service credit. The trial court merely held that since the plaintiff "has become a member before October 1, 1953" he qualifies under section 31645. ■ Moreover it is within the discretion of the Legislature to grant additional benefits under section 31831.1 to those who remain in public employment to encourage careers in the public service (§ 31830). The retirement system has not shown that this legislative judgment is arbitrary and capricious. (See *Dribin* v. *Superior Court* (1951) 37 Cal.2d 345, 351 [231 P.2d 809, 24 A.L.R.2d 864].)

The judgment is affirmed.

Kingsley, Acting P. J., and Dunn, J., concurred.